UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENA BANKS, #441369,

        Petitioner,

                              CIVIL CASE NO. 5:08-CV-13154
v.                           HONORABLE JOHN CORBETT O'MEARA

CLARICE STOVALL,

        Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

**I.    Introduction**

      Michigan prisoner Kena Banks ("Petitioner") has filed a *pro se* petition for a writ of habeas corpus asserting that she is being held in violation of her constitutional rights. Petitioner pleaded *no lo contendere* to second-degree murder in violation of Mich. Comp. Laws § 750.317 in the Wayne County Circuit Court in 2007 and was sentenced to 22 to 40 years imprisonment pursuant to a plea bargain. In her pleadings, Petitioner raises claims concerning the trial court's failure to *sua sponte* inquire into her competency and the denial of meaningful allocution at sentencing. For the reasons set forth, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

**II. Facts and Procedural History**

Petitioner's conviction arises from the death of Leroy Cooks during an argument and physical altercation that occurred in Detroit, Michigan on October 7, 2006. Petitioner beat Cooks and dropped a television on his head resulting in his death from blunt force trauma. Petitioner was charged with first-degree murder and with being a second habitual offender. On January 22, 2007, she pleaded *no lo contendere* to second-degree murder in exchange for dismissal of the first-degree murder charge and the habitual offender enhancement and an agreement that she would be sentenced to 22 to 40 years imprisonment. Petitioner indicated that she had consulted with counsel and understood her rights, the terms of the plea agreement, and the consequences of her plea. She also confirmed that the plea was the product of her own free will. On February 8, 2007, the trial court sentenced Petitioner to 22 to 40 years imprisonment in accordance with her plea bargain. When given an opportunity to speak during the hearing, Petitioner apologized to the victim's family.

Following sentencing, Petitioner filed a delayed application for leave to appeal with the Michigan Court of Appeals asserting that (1) the trial court failed to determine her competency at sentencing and (2) that she was denied the right to meaningful allocution at sentencing due to a lack of competency. The Michigan Court of Appeals denied the application for lack of merit in the grounds presented. *People v. Banks*, No. 278888 (Mich. Ct. App. Aug. 15, 2007). Petitioner filed an application for leave to appeal with the Michigan Supreme Court raising the same claims, which was denied in a standard order. *People v. Banks*, 480 Mich. 1009, 743 N.W.2d 16 (2008).

Petitioner thereafter filed the present habeas petition, raising the same claims presented to the state courts on direct appeal of her conviction. Respondent has filed an answer to the petition contending that it should be denied for lack of merit.

## III.   Analysis

### A.   Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified at 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed her habeas petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1)   resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2)   resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' . . . clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [this] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of §

4

2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts' of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409.

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by the holdings of the Supreme Court, the decisions of lower federal courts are useful in assessing the reasonableness of the state court's resolution of an issue. *See Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

Lastly, a state court's factual determinations are entitled to a presumption of correctness on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A petitioner may rebut this presumption

with clear and convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998).

In this case, the Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and the Michigan Supreme Court denied leave to appeal because it was "not persuaded that the questions presented should be reviewed." Because the state appellate courts did not specifically address whether the alleged errors constituted a denial of Petitioner's federal constitutional rights, the deference due under 28 U.S.C. § 2254(d) does not apply, and habeas review of the claims is *de novo*. *See Higgins v. Renico*, 470 F.3d 624, 630 (6th Cir. 2006) (quoting *Maples v. Stegall*, 340 F.3d 433, 436 (6th Cir. 2003), and citing *Wiggins v. Smith*, 539 U.S. 510, 534 (2003)).

### B. Competency Hearing Claim

Petitioner first claims that she is entitled to habeas relief because the trial court failed to *sua sponte* conduct a hearing to determine her competency at the time of sentencing (or when she tendered her plea). It is well-established as a matter of federal constitutional law that a criminal defendant may not be tried unless he is competent. *See Godinez v. Moran*, 509 U.S. 389, 396 (1993). The standard for competence to plead guilty or be sentenced is the same as the standard for competence to stand trial: whether the defendant has (1) sufficient present ability to consult with a lawyer and (2) a rational and factual understanding of the proceedings against him or her. *Id*. at 396-98. Due process is violated by a trial court's failure to hold a proper competency hearing where there is substantial evidence of a defendant's incompetency. *See Pate v. Robinson*, 383 U.S. 375, 385-86 (1966). The question for a reviewing court in such a case is whether a reasonable judge, situated as was the trial court judge, should have

experienced a "bona fide doubt" about the defendant's competency. *See Warren v. Lewis*, 365 F.3d 529, 533 (6th Cir. 2004) (citing *Drope v. Missouri*, 420 U.S. 162, 173 (1975)); *see also Mackey v. Dutton*, 217 F.3d 399, 413-14 (6th Cir. 2000).

Having reviewed the record, this Court concludes that a reasonable judge sitting the trial court's place would not have experienced a bona fide doubt as to Petitioner's competency at the time of her plea or sentence. While Petitioner may have been depressed and/or taking medication at some point in time, the record is devoid of evidence that she was unable to consult with defense counsel or have a proper understanding of the criminal proceedings against her. *See, e.g., United States v. Pope*, 146 F. App'x 536. 539 (2d Cir. 2005) (denying relief on direct appeal where defendant failed to show that panic disorder and depression impeded ability to enter plea); *United States v. Grimes*, 173 F.3d 634, 636 (7th Cir. 1999) (characterizing depression as a "mild psychiatric disturbance that afflicts a substantial fraction of the population" and ruling that history of depression controlled by Prozac does not constitute reasonable cause for competency hearing); *Grune v. Coughlin*, 152 F.3d 918, 1998 WL 382608, *2 (2d Cir. 1998) (denying habeas relief on same claim where petitioner was taking anti-depressants but his behavior and responses before the trial court were normal). To the contrary, the record in this case reveals that Petitioner was 34 years old with an eleventh grade education, had prior contacts with the criminal justice system, entered into a plea bargain on the advice of counsel, and responded appropriately to the court's questions at the time of her plea and sentence. Petitioner acknowledged that she understood the proceedings, her rights, and the plea bargain and confirmed that her plea was voluntary. Neither the prosecutor nor defense counsel expressed concerns about Petitioner's mental health at the time of her criminal proceedings.

7

Given such circumstances, Petitioner has not established that the trial court violated her constitutional rights by failing to *sua sponte* inquire into her competency at the time of her plea or sentence.

Furthermore, Petitioner has not presented sufficient facts to create a real and substantial doubt as to her competency so as to warrant an evidentiary hearing, *see Thirkield v. Pitcher*, 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002) (citing cases); *see also Whittaker v. McDaniel*, 268 F. App'x 594, 596-97 (9th Cir. 2008) (denying evidentiary hearing on similar claim where habeas petitioner alleged he was taking anti-depressants and was sleep-deprived, but made no specific allegations and offered no evidence explaining how his medication affected his ability to consult with counsel or understanding the proceedings), or other relief from this Court. She has offered no evidence to show that any mental health condition or treatment affected her ability to sufficiently comprehend and participate in her criminal proceedings. Conclusory allegations, without evidentiary support, do not provide a basis for habeas relief. *See Cross v. Stovall*, 238 F. App'x 32, 39-40 (6th Cir. 2007); *Prince v. Straub*, 78 F. App'x 440, 442 (6th Cir. 2003); *Workman v. Bell*, 178 F.3d 759, 771 (6th Cir. 1998) (conclusory allegations of ineffective assistance of counsel do not justify habeas relief); *see also Washington v. Renico*, 455 F.3d 722, 733 (6th Cir. 2006) (bald assertions and conclusory allegations do not provide sufficient basis for an evidentiary hearing in habeas proceedings). Habeas relief is not warranted on this claim.

**C.     Allocution Claim**

Petitioner also asserts that she was denied proper allocution at sentencing due to a lack of competency. However, there is no constitutional right to allocution under the United States

Constitution. *See Hill v. United States*, 368 U.S. 424, 428 (1962); *Pasquarille v. United States*, 130 F.3d 1220, 1223 (6th Cir. 1997). Although the right of allocution existed at common law and is required by statute in several states, the right of allocution is not guaranteed by the United States Constitution. *See United States v. Waters*, 158 F.3d 933, 943 (6th Cir. 1998). Petitioner has thus failed to state a cognizable claim for federal habeas relief.

Moreover, even if Petitioner's claim were cognizable, she has not established a due process violation. The record reveals that Petitioner and defense counsel had the opportunity to address the court at sentencing and that Petitioner apologized to the victim's family. Petitioner has not established that she was incompetent to be sentenced. Habeas relief is therefore not warranted on this claim.

## IV. Conclusion

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained in her petition. Accordingly, the Court **DENIES WITH PREJUDICE** the petition for a writ of habeas corpus.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the district court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to

proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a district court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of the claims. *Id*. at 336-37.

Having considered the matter, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to her habeas claims. No certificate of appealability is warranted nor should Petitioner be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a). Accordingly; the Court **DENIES** a certificate of appealability and **DENIES** leave to proceed *in forma pauperis* on appeal.

**SO ORDERED**.

s/John Corbett O'Meara  
United States District Judge

Date: May 6, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on this date, May 6, 2010, using the ECF system and upon Petitioner at Huron Valley Correctional Facility, 3201 Bemis Rd., Ypsilanti, MI 48197-0911 by ordinary mail.

s/William Barkholz  
Case Manager